Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Gordon H. Moye; and Dawn Kemp-Moye; <br><br> Plaintiffs, <br><br> v. <br><br> Midland Funding, LLC; Midland Credit Management, Inc.; and Blatt, Hasenmiller, Leibsker & Moore, LLC; <br><br> Defendants. | No. <br><br><br> **COMPLAINT** <br><br><br><br><br><br><br> (Jury Trial Demanded) |

### I. Preliminary Statement

1. Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* In the course of attempting to collect a debt allegedly owed by Plaintiffs, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiffs seek to recover actual damages, and statutory damages, as

well as reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiffs are residents of Maricopa County, Arizona.
4. Plaintiffs are natural persons who are allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).
6. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company.
7. Midland regularly uses the courts in Arizona to collect consumer debts.
8. Midland collects or attempts to collect debts which it claims to have purchased or to have been assigned after default.
9. Midland is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation registered to conduct business within the state of Arizona.
11. MCM is licensed as a collection agency by the Arizona Department of Financial Affairs, license number 0905285.
12. MCM regularly collects or attempts to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.

13. MCM is a "debt collector" as that term is defined by FDCPA §1692a(6).
14. Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") is an Illinois limited liability company with offices in Arizona.
15. BHLM is a consumer debt collection law firm that regularly collects or attempts to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.
16. BHLM is a "debt collector" as that term is defined by FDCPA § 1692a(6).
17. BHLM's collection actions taken against Plaintiffs were taken on behalf of, and as agent for, Midland and MCM.
18. Midland is liable for the actions of its agents, BHLM and MCM.

### IV.  Factual Allegations

19. Defendants filed suit against Plaintiffs in the Maricopa County Superior Court on June 26, 2014 (hereinafter "Suit").
20. Defendants alleged in the Suit that Plaintiff Gordon Moye had opened a credit card account with Citibank (South Dakota), N.A. on June 1, 1993.
21. Any credit card account which Plaintiffs would have opened would have been used solely for personal, family, or household purposes.
22. Plaintiffs deny opening the alleged credit card account with Citibank.
23. Defendants further allege in the Suit that Midland acquired the alleged debt from Asset Acceptance, LLC, who claims to have acquired the alleged debt from Citibank.
24. Upon information and belief, Midland assigned the alleged debt to

|   |   |   |
|---|---|---|
| 1 |     | MCM for collection purposes. |
| 2 | 25. | Upon information and belief, MCM hired BHLM to represent Midland |
| 3 |     | in order to attempt to collect the alleged debt from Plaintiffs. |
| 4 | 26. | Defendants served Plaintiffs with the summons and complaint on or |
| 5 |     | about July 3, 2014. |
| 6 | 27. | Defendants had attached to the Complaint the Affidavit of Molly |
| 7 |     | Kampa In Support of Judgment, which was signed on behalf of |
| 8 |     | Midland by MCM employee Molly Kampa. |
| 9 | 28. | In the affidavit, Kampa states *inter alia* that: |

> 4. Based upon my review of MCM's business records: . . . 2) the account was charged off on 2007-12-24. . . .

29. Upon being served, Plaintiffs sought out and hired counsel to defend them in the lawsuit.
30. During the course of defending the law suit, Plaintiffs have advised Defendants that this debt is not theirs, and that even if it were, it is past the applicable statute of limitations.
31. Despite Defendants' knowledge that the account is past the statute of limitations, Defendants have continued to prosecute the collection suit against Plaintiffs.
32. On April 30, 2015, Defendants filed in the Suit another copy of the Kampa Affidavit attached to their Statement of Facts in Support of Plaintiff's Motion for Summary Judgment.
33. At the time Defendants filed the Suit, they misrepresented to Plaintiffs that the debt was not stale, and that the Suit was filed within the applicable statute of limitations.

34. However, at the time Defendants filed the Suit, the debt in fact was stale and past the statute of limitations.
35. At the time Defendants filed the Suit against Plaintiffs, they knew that the debt was stale and past the statute of limitations.
36. Despite knowing that their claim was stale, Defendants continued to prosecute the Suit against Plaintiffs, including the filing of a motion for summary judgment.
37. As a result of Defendants' actions as outlined above, Plaintiffs has suffered actual damages including, but not limited to, anxiety, worry, embarrassment, sleeplessness, stress, invasion of privacy, loss of opportunity, damage to credit and reputation, and other extreme emotional distress.
38. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights, and part of Defendants' persistent and routine practice of debt collection.
39. In the alternative, Defendants' actions were negligent.

## V.  Causes of Action

## Fair Debt Collection Practices Act

40. Plaintiffs repeats, realleges, and incorporates by reference the foregoing paragraphs.
41. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).
42. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiffs has suffered actual damages.

### VI.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all issues so triable.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that judgment be entered against Defendants for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Costs and reasonable attorney's fees; and

d) Such other relief as may be just and proper.

DATED  May 22, 2015 .

        s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs